UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEP'T OF STATE HOSPITALS-<br>COALINGA, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0878 KJN P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, a civil detainee held by the Department of State Hospitals in Coalinga, brought this action against defendants in the Fresno County Superior Court, small claims division.  (ECF No. 1-1 at 2-8.)  Plaintiff alleges that defendants unlawfully emailed a patient roster that contained plaintiff's protected health information, including his date of admission, legal commitment, and unit number.  (Id. at 3, 9.)  Defendant Gonzalez, the only federal employee sued, removed the state action to this court under 28 U.S.C. § 1442(a)(3), which permits removal of cases involving federal officials.  Plaintiff did not object to the removal.  As discussed below, it is recommended that defendant Gonzalez be dismissed from this action, and all other claims be remanded to the Superior Court of Fresno County.

　　　　Screening

　　　　Under 28 U.S.C. § 1915A(a), this court is required to screen plaintiff's complaint, and may dismiss any portion of the complaint if the complaint "seeks monetary relief from a

1

defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).  The screening obligation applies where a complaint is removed from state court.  See, e.g., Morris v. Horel, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A); Walker v. Departmental Review Board, 2017 WL 11517550, *1 (E.D. Cal., Oct. 24, 2017).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

      Immunity

Plaintiff's complaint shows that defendant Gonzalez emailed plaintiff's personal information in the course of her duties as an operational supervisor in the Clerk's Office of the Fresno Division of this district court.  (ECF No. 1-1 at 9.)  Defendant Gonzalez' email confirmed that the personal information was sought to "identify patients who might file a lawsuit," and "was needed to determine their eligibility for in forma pauperis status."  (Id.)

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  Mullis v. U.S. Bankr. Ct. for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979).  Indeed, "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'"  Mullis, 828 F.2d at 1390.

In this case, defendant Gonzalez's actions in determining litigants' ability to proceed in forma pauperis is properly categorized as part of the judicial process.  Therefore, defendant Gonzalez is entitled to immunity.  As such, the claims against defendant Gonzalez should be dismissed.

      Remaining State Law Claims

Because the only federal defendant should be dismissed, "the balance of the factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

////

Here, all remaining claims are based solely on state law, the case is in its early stages, and state court is a convenient forum and was plaintiff's original choice of forum. Thus, all factors weigh in favor of remanding the remaining claims.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. All claims against defendant Gonzalez be dismissed as barred by quasi-judicial immunity; and

2. This action be remanded to the Fresno County Superior Court, Case No. 23 CE SC 00283.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will0878.rem