UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS-COALINGA, et al.,<br><br>Defendants. | No. 2:23-cv-00878-DAD-KJN (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 11) |

Plaintiff Christian Williams is a civil detainee held by the Department of State Hospitals in Coalinga proceeding *pro se* in this privacy action under California Civil Code §§ 56.35 and 1798. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 13, 2023, plaintiff filed his complaint in the Fresno County Superior Court, small claims division. (Doc. No. 1-1.) On May 9, 2023, defendant Roxanne Gonzalez, an operational supervisor in the Clerk's Office of the Fresno Division of this district court, removed the state action to this court under 28 U.S.C. § 1442(a)(3), which permits removal of cases involving federal officials. (Doc. No. 1.) Plaintiff did not object to the removal. On November 20, 2023, the assigned magistrate judge screened plaintiff's complaint and found that plaintiff's claim against defendant Gonzalez was barred by quasi-judicial immunity. (Doc. No. 11.) Accordingly, on

1

1 November 20, 2023, the assigned magistrate judge issued findings and recommendations
2 recommending that all claims against defendant Gonzalez be dismissed and this action be
3 remanded to the Fresno County Superior Court.  (*Id.* at 3–4.)  The pending findings and
4 recommendations were served on plaintiff and contained notice that any objections thereto were
5 to be filed within twenty-one (21) days after service.  (*Id*. at 4.)  After that deadline had passed,
6 on December 22, 2023, plaintiff filed objections to the pending findings and recommendations.
7 (Doc. No. 12.)  Defendant Gonzalez filed a response to the objections on January 4, 2024.  (Doc.
8 No. 13.)

9 In his objections, plaintiff states that he has no objection to the magistrate judge's
10 recommendation to remand the case to the Fresno County Superior Court as to defendant
11 Department of State Hospitals.  (Doc. No. 12 at 2.)  However, he argues that defendant Gonzalez
12 should not be dismissed from the case and does not have qualified immunity because her actions
13 fell outside the scope of immunity.  (*Id*.)  He argues that she "acted outside the scope of any
14 immunity in that she had absolutely no legal authority to select a state institution, DSH-C, and ask
15 to be emailed to her mental health patient rosters of patients in a secured facility and who never
16 filed a fee waiver request."  (*Id.* at 3.)  However, the magistrate judge already addressed this issue
17 in the pending findings and recommendations and properly concluded that defendant Gonzalez's
18 actions in determining ability to proceed *in forma pauperis* is properly categorized as part of the
19 judicial process.  (Doc. No. 11 at 3.)  In fact, the magistrate judge explained that the scope of
20 quasi-judicial immunity for court clerks extends to even cover "mistake[s] or an act in excess of
21 jurisdiction."  (*Id*.)  Thus, plaintiff's objections provide no basis upon which to reject the pending
22 findings and recommendations.

23 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
24 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
25 findings and recommendations are supported by the record and proper analysis.

26 Accordingly,

27 1. The findings and recommendations issued on November 20, 2023 (Doc. No. 11)
28 are adopted in full;

2

2. All claims against defendant Gonzalez are dismissed;

3. This action is remanded to the Fresno County Superior Court, pursuant to 28 U.S.C. § 1447(c); and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 18, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3