UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DEPARTMENT OF STATE<br>HOSPITALS–COALINGA, et al.<br><br>　　　　　Defendants. | No.  2:23-cv-00878-DAD-AC (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUESTS FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL<br><br>(Doc. Nos. 16, 17) |

　　　　Plaintiff Christian Williams, a civil detainee held by the Department of State Hospitals in Coalinga, is proceeding *pro se* in this civil action, which was removed from the small claims division of the Fresno County Superior Court.  (Doc. No. 1-1 at 2-8.)  On March 19, 2024, the court dismissed all claims brought by plaintiff against defendant Gonzalez, a federal court employee, and remanded the remaining claims to the Fresno County Superior Court.  (Doc. No. 14.)  Judgment was entered on the same day.  (Doc. No. 15.)

　　　　Plaintiff has since filed two separate motions seeking an extension of time to appeal and for the appointment of counsel, on April 19, 2024 and April 22, 2024, respectively.[1]  (Doc. Nos.

---

[1] The motions are duplicative, but were filed in the Ninth Circuit Court of Appeals as well as this court according to the proof of service.  (Doc. No. 16 at 10.)  The Ninth Circuit motion was forwarded to this court for adjudication.  (*Id.* at 1) (file stamp indicating that the motion was received in the Ninth Circuit Court of Appeals, but not docketed).

16, 17.) The motions request additional time to file a notice of appeal based on plaintiff's deteriorating health as well as facility lockdowns that purportedly limit his access to the law library, computer lab, and copy center.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure permits a district court to extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

In this case, plaintiff had 60 days to file a notice of appeal because one of the parties was an officer or employee of the United States. *See* Fed. R. App. P. 4(a)(1)(B). Judgment was entered on March 19, 2024 and the time to file a notice of appeal expired on May 20, 2024.[2] Plaintiff filed his motions for an extension of time before his appeal deadline had expired. Thus, they are timely. Therefore, the only question remaining before the court is whether plaintiff has demonstrated good cause or excusable neglect to extend his appeal deadline. In making this determination, the court has "wide discretion as to whether to excuse the lapse" by plaintiff. *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). In this case, the court finds that plaintiff has established good cause based on factors that are beyond his control. Therefore, plaintiff's motions for an extension of time to appeal are granted. The court will deny plaintiff's motions for the appointment of counsel on appeal without prejudice to plaintiff filing such a request in the Ninth Circuit Court of Appeals.

Accordingly:

1. Plaintiff's motions for an extension of time to file a notice of appeal (Doc. Nos. 16, 17) are granted for good cause shown;
2. Plaintiff is granted 14 days from the date of this order in which to file a timely notice of appeal. *See* Fed. R. App. Proc. 4(a)(5)(C); and

////

---

[2] The actual deadline fell on Saturday, May 18, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C) (extending deadlines that fall on the weekend to the end of the next business day).

3. Plaintiff's requests for the appointment of counsel on appeal are denied without prejudice to refiling in the Ninth Circuit Court of Appeal.

IT IS SO ORDERED.

Dated:  **September 3, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE